### FRANKLIN C. SMITH *vs.* ELIZABETH L. S. SMITH.

DIVORCE—GROUNDS—"HABITUAL DRUNKENNESS"—HABITUAL USE OF NARCOTICS.

Habitual use of drugs, though it may cause a condition similar to that produced by the excessive use of intoxicating liquors, will not sustain an action for divorce based on the statutory cause of "habitual drunkenness."

(*March* 28, 1919.)

BOYCE and CONRAD, J. J., sitting.

*James Saulsbury* for plaintiff.

*J. Frank Ball* for defendant.

Superior Court, New Castle County, March Term, 1919.

DIVORCE, No. 64, January Term, 1919.

Action for divorce for habitual drunkenness by Franklin C. Smith against Elizabeth L. S. Smith. Petition dismissed without prejudice.

The evidence of the plaintiff and several witnesses was to the effect that the defendant had for a long period of time been addicted to the use of various kinds of drugs and narcotics which produced effects similar to those caused by the excessive use of intoxicating liquors. Whereupon the court inquired of counsel for plaintiff whether he expected to show by other witnesses present that the defendant had also habitually indulged, during the statutory period, in the use of intoxicating liquors, and was informed that all the testimony he had to offer would be similar in character to that already produced.

BOYCE, J:—The evidence now before the court, and that which the plaintiff proposes to offer, fails to show that the defendant is guilty of the excessive use of intoxicating liquors.

"Habitual drunkenness" in the statute must be understood in its ordinary and popular meaning, that is, the condition of one given over to the use of alcoholic liquors. The habitual use of an drugs, though it may cause a condition similar to that produced nactio by the excessive use of intoxicating liquors, will not sustain for divorce, the cause being based upon "habitual drunkenness."

The petition will be dismissed without prejudice.